**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VISIONS, BOTANISCHE- EN REKLAMEFOTOGRAFIE B.V., doing business as Visions Pictures & Photography,<br>Plaintiff,<br>v.<br>PLANET DESERT LLC,<br>Defendant. | Case No.: 3:26-cv-05580-RBM-DDL<br>**ORDER GRANTING JOINT MOTION TO SET ASIDE ENTRY OF CLERK'S DEFAULT**<br>**[Doc. 7]** |

Before the Court is the Parties' Joint Motion to Set Aside Entry of Clerk's Default. (Doc. 7.) Plaintiff filed the Complaint on September 29, 2026 (Doc. 1) and served Defendant on October 9, 2026 (Doc. 4). On October 30, 2026, "Defendant's counsel reached out to Plaintiff's counsel to notify Plaintiff's counsel of Defendant's representation and intent to respond upon its insurer's completion of its coverage review and potential appointment of counsel," but Plaintiff had already filed its request for entry of default. (Doc. 7 at 2.) The Clerk entered a default on November 2, 2026. (Doc. 6.) The Parties now jointly request that the default be set aside. (Doc. 7 at 2.) The Court **GRANTS** the Joint Motion.

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Courts have broad discretion in deciding whether to vacate an entry of default. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). "The good cause standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citation modified). Thus, in assessing good cause, the district court considers three factors: (1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]. *Id.* (citation modified).

The Court "should apply the factors more liberally" when assessing a motion to set aside an entry of default rather than a motion to set aside default judgment. *Page v. Banks*, No. 07cv2254 JM(BLM), 2008 WL 2037763, at *2 (S.D. Cal. May 12, 2008) (citation omitted). There is a strong preference for deciding cases on their merits, and therefore any doubts should be resolved in favor of setting aside the default. *Direct Mail Specialists v. Eclat Computerized Techs.*, 840 F.2d 685, 690 (9th Cir. 1988).

Here, the Court finds good cause to set aside the default. Defendant intends to respond to the Complaint, and Plaintiff is not prejudiced by an action to which it consents. Therefore, the Court **GRANTS** the Joint Motion (Doc. 7) and **VACATES** the Clerk's Entry of Default (Doc. 6). In accordance with the Parties' stipulation, Defendant shall answer or otherwise respond to the Complaint within twenty-one days of the entry of this Order.

**IT IS SO ORDERED**.

DATE: November 6, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE